# No. 14-15781

IN THE

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**CHINATOWN NEIGHBORHOOD ASSOCIATION** AND
**ASIAN AMERICANS FOR POLITICAL ADVANCEMENT**

*Plaintiffs—Appellants*

*v.*

**KAMALA D. HARRIS** AND **CHARLTON H. BONHAM**

*Defendants—Appellees*

**HUMANE SOCIETY OF THE UNITED STATES,** ET AL.

*Intervenor—Defendants—Appellees*

APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
WILLIAM HORSLEY ORRICK III, DISTRICT JUDGE • CASE NO. 3:12-CV-03759-WHO

# PLAINTIFFS-APPELLANTS' PETITION FOR PANEL REHEARING

MICHAEL TENENBAUM, ESQ.
**THE OFFICE OF MICHAEL TENENBAUM, ESQ.**
1431 OCEAN AVENUE, SUITE 400
SANTA MONICA, CALIFORNIA 90401-2136
TEL (310) 919-3194 • FAX (310) 919-3727
MT@POST.HARVARD.EDU

COUNSEL FOR PLAINTIFFS—APPELLANTS
**CHINATOWN NEIGHBORHOOD ASSOCIATION** AND
**ASIAN AMERICANS FOR POLITICAL ADVANCEMENT**

**TABLE OF CONTENTS**

                               **Page**

INTRODUCTION ................................................................................... 1

BACKGROUND .................................................................................... 3

A.   The District Court Never Asked Trial Counsel about the Possibility of Amending Chinatown's Preemption or Dormant Commerce Clause Claims ................................. 3

B.   The Panel's Opinion Errs in Quoting a Purported Exchange Between the District Court and Trial Counsel That Never Took Place ............................................ 6

ARGUMENT ......................................................................................... 8

I.   Panel Rehearing Is Necessary to Make an Outcome-Determinative Amendment of the Opinion that — as the Dissent Argued — Requires Reversal ............................ 8

CONCLUSION .................................................................................... 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM NO. 1: Panel Opinion

## INTRODUCTION

In this case challenging a State's authority to ban the sale of federally-regulated fish from our nation's oceans — a case that raises issues of exceptional national importance — the panel divided on the issue of whether Plaintiffs-Appellants Chinatown Neighborhood Association and Asian Americans for Political Advancement (collectively, "Chinatown") should be granted leave to amend their complaint following a first test of the pleading on a motion to dismiss.

The Court's published opinion affirms the dismissal of this case ***with prejudice***. Yet the majority opinion relies on a quoted colloquy at the hearing on the motion to dismiss in the district court that simply ***does not appear anywhere in the record*** (and that did not actually take place). The majority opinion states:

> At the hearing on the motion to dismiss the amended complaint, the district court asked plaintiffs' counsel during the discussion of the preemption claim whether ***"you've got the complaint where you want it,"*** and counsel responded affirmatively. ***Based on this representation***, the court found that a second round of amendments would be futile and granted the motion to dismiss with prejudice.

(Op. at 15 [quotation marks in original; emphasis added].)

There are two major problems with this finding which justify

- 1 -

panel rehearing — or, more expeditiously, an amended opinion allowing Chinatown to return to the district court and file an amended complaint there. First, there simply was no such question from the district court "during the discussion of the preemption claim." Indeed, there was no such inquiry as quoted by the majority opinion *at any time*. Moreover, trial counsel never suggested that Chinatown would be unable to amend its preemption or dormant Commerce Clause claims. And there was never any other explanation by the district court to support a conclusion that further amendment would somehow be futile.

Chinatown should not be forever foreclosed from demonstrating that California's shark fin ban is unconstitutional where the basis for that result is a misapprehension by the majority opinion of what transpired in the district court. As explained at oral argument on this appeal, Chinatown can more fully allege facts showing that the California ban "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in managing federal fisheries and commerce in fish products. *Arizona v. United States*, 132 S.Ct. 2492, 2501 (2012). Indeed, even on the record as mistakenly reported by the majority opinion, Judge Reinhardt

dissented "because the plaintiffs must be granted leave to amend the complaint with respect to their preemption claim." (Op. at 23.)[1]

## BACKGROUND

**A. The District Court Never Asked Trial Counsel about the Possibility of Amending Chinatown's Preemption or Dormant Commerce Clause Claims.**

This action challenges the constitutionality of California's criminal prohibition on the sale, trade, and distribution — and even the mere possession of — shark fins. Cal. Fish & Game Code §§ 2021 & 2021.5 (the "Shark Fin Law").

On July 18, 2012, months before the law went into full effect, Chinatown filed its original complaint. (ER 61.) On appeal of the denial of Chinatown's motion for a preliminary injunction, the case was

---

[1] Chinatown is continuing to work diligently to prepare a separate petition for rehearing en banc on this issue and others raised by the panel's opinion in light of the discrepancy within this circuit, the conflict with other circuits, and the exceptional importance to trade in fish products. On August 4, 2015, we requested a ten-day extension of time in which to file the petition for rehearing en banc — which all other parties have stated they do not oppose — and are awaiting a ruling on that extension. (App. Dkt. 49.) If, in response to this petition for panel rehearing, the Court amends its opinion to allow Chinatown to file an amended complaint in the district court, then a ruling on Chinatown's to-be-filed petition for rehearing en banc will be unnecessary.

stayed in the district court for most of 2013. (ER 64.) After remand, Defendants-Appellees and the Intervenor-Defendants-Appellees moved to dismiss, and Chinatown amended its complaint as of right under FRCP 15(a)(1)(B). (ER 65.) This single, voluntary amendment was Chinatown's only amendment before its claims were dismissed with prejudice.

The amended complaint stated three main causes of action: for violation of the Equal Protection Clause, violation of the Supremacy Clause, and violation of the dormant Commerce Clause. (ER 043.) Importantly, the amended complaint was the very first pleading in which Chinatown alleged that the Shark Fin Law violated the Supremacy Clause based on "conflict" preemption. (ER 52, 55 [FAC ¶¶ 35, 36, 57].) (This reflected the position that the United States asserted as an amicus curiae in the preliminary injunction appeal. [App. Dkt. 46-2 in Case No. 13-15188.])

At the hearing on the motion to dismiss, the district court never raised the subject of leave to amend in connection with Chinatown's claims under either the Supremacy Clause or the dormant Commerce Clause. Instead, the district court questioned trial counsel only about what additional facts could be pleaded in connection with the claim

under the Equal Protection Clause. (ER 038-039.) The actual colloquy was as follows:

> The Court: But what is it that you can add to the, to your complaint? ***Particularly with respect to discriminatory intent***, because you are facing a huge hurdle with respect to rational basis, and I don't, it's, I just, I'm not seeing it. But, if you've got something more, tell me what it is.
>
> Mr. Breall: Well, and, Your Honor, I guess — and that's my whole point as to where we are, okay. Because first of all, there are cases there, there are cases that we cite where —
>
> The Court: No, no, no, no. Just give me the evidence. You've made your argument. But give me the evidence that you haven't pled, that you would plead, that could bolster your argument ***with respect to the Equal Protection Clause and discriminatory intent.***
>
> Mr. Breall: And, Your Honor, I'm not saying that I have any ***in my back pocket right this minute***. [Balance of argument on Equal Protection claim omitted.]

(ER 038-039 [emphasis added].) It should be clear from the actual record of the hearing in the district court that trial counsel was never asked about Chinatown's ability to amend its claims under the Supremacy Clause or the dormant Commerce Clause, and trial counsel never answered or otherwise represented that the complaint was incapable of further amendment.

- 5 -

Following the hearing, the district court issued an order dismissing the case without leave to amend. (ER 005.) Despite the specific nature of its questioning "particularly with respect to" "discriminatory intent" for purposes of "the Equal Protection Clause" alone, the district court made the following, more sweeping, conclusion: "At the hearing on the motions, I asked counsel for the plaintiffs whether there were any additional facts he could plead. He said there were none. Because additional pleading is likely to be futile, the motions to dismiss are GRANTED and the FAC is DISMISSED WITH PREJUDICE." (ER 028.)

**B. The Panel's Opinion Errs in Quoting a Purported Exchange Between the District Court and Trial Counsel That Never Took Place.**

The panel issued its opinion on July 27, 2015. (App. Dkt. 48.) In upholding the district court's dismissal of this action with prejudice, the majority opinion compounds the district court's error by recounting the proceedings at the motion to dismiss hearing as follows:

> At the hearing on the motion to dismiss the amended complaint, the district court asked plaintiffs' counsel during the discussion of the preemption claim whether ***"you've got the complaint where you want it,"*** and counsel responded affirmatively. ***Based on this***

- 6 -

> *representation*, the court found that a second round of amendments would be futile and granted the motion to dismiss with prejudice.

(Op. at 15 [quotation marks in original; emphasis added].)[2]

Yet that quoted language appears nowhere in the record.[3] In fact, the only discussion relating to potential amendment of the complaint was clearly in the context of Chinatown's discrimination claim under the Equal Protection Clause, as quoted above — and not "during discussion of the preemption claim," as the majority says. (Op. at 15.) Consistent with trial counsel's actual concession, at oral argument on this appeal Chinatown abandoned only its Equal Protection Clause claim. (Op. 7 at n.3.)[4]

---

[2] Pursuant to FRAP 40-1(c), a copy of the panel's opinion is attached hereto.

[3] As a matter of prudence, lawyers rightly hesitate before declaring the non-existence in the record of a particular matter. Here, both undersigned counsel (who was retained shortly before oral argument) and Chinatown's trial counsel (who are also counsel of record on appeal) have carefully combed the transcript of the hearing on the motion to dismiss but remain at a loss to locate the quoted language anywhere in the record.

[4] In contrast to the dissenting opinion's footnote 1, which states, "The plaintiffs do not contest the denial of leave to amend with respect to their Commerce Clause claim on this appeal," Chinatown has never abandoned its request for leave to amend that claim. Indeed, in a supplemental letter to the Court filed within a week of oral argument, Chinatown reiterated, "If this Court allows us an opportunity to further

# ARGUMENT

**I. Panel Rehearing Is Necessary to Make an Outcome-Determinative Amendment of the Opinion that — as the Dissent Argued — Requires Reversal.**

Contrary to how the majority's opinion purports to quote the district court, trial counsel was never asked whether Chinatown's complaint was "where you want it," never answered such a question affirmatively, and never otherwise represented to the district court that the complaint was incapable of further amendment to adequately plead claims under the Supremacy Clause and dormant Commerce Clause.

The majority's opinion thus does not reflect a mere transcription error but, rather, reiterates a record of events that never happened. This goes directly to the heart of the dispute between the majority and dissent over leave to amend — and should change the outcome of this appeal. Here, the district court made no independent finding that amendment to the complaint would be "futile" as to Chinatown's claims under the Supremacy Clause and dormant Commerce Clause. Instead, the district court relied on its unfounded conclusion that it had asked

---

plead the practical impact of the California ban, we respectfully submit that we can prevail at summary judgment on our claims under the Supremacy Clause **and dormant Commerce Clause**." (*See* App. Dkt. 45 at p. 2 [emphasis added].)

trial counsel whether there were "any additional facts he could plead" — as if it had somehow asked about ***all*** of Chinatown's claims, as opposed to just the equal protection claim — and that trial counsel had somehow said there were none. (ER 028.) The majority opinion exacerbates the district court's error by attributing an even more specific but equally unfounded statement to trial counsel.

Both longstanding en banc and recent Ninth Circuit authority affirm that, even where a plaintiff does not make an express request for leave to amend, some "strong showing" of futility is required to sustain a dismissal with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1127-30 (9th Cir. 2000) (en banc) (citing decades-long precedent holding that "a district court should grant leave to amend ***even if no request to amend the pleading was made***, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (emphasis added); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (holding, based on *Lopez*, that "dismissal with prejudice constitutes an abuse of discretion where the district court fails to make a determination" of incurability); *United Broth. of Carpenters and Joiners of America v. Building and Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 845 (9th Cir. 2014) (same); *Couch v. Cate*, 379 Fed. Appx. 560, 562-63

(9th Cir. 2010) (noting conflict between Ninth Circuit holdings concerning leave to amend in *Alaska v. United States*, 201 F.3d 1154 (9th Cir. 2000), and later decision in *Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001).

The question of whether Chinatown should be given leave to amend is dispositive of this appeal. The majority opinion faults Chinatown for having "alleged nothing more than the prospect of a 'modest impediment' to general federal purposes." (Op. at 11.) Yet Chinatown can readily allege a host of facts showing the conflict with federal law and the substantial burden on interstate commerce, some of which may even be judicially noticed insofar as they appear in the public agency records of the federal government's National Oceanic and Atmospheric Administration website. *See, e.g.*, Fishery Management Plan for U.S. West Coast Fisheries for Highly Migratory Species (available at http://tinyurl.com/nrrnem9) at p. 46, Table 4-3 (specifying MSY, or "maximum sustainable yield," and OY, or "optimum yield," for at least five species of sharks off California coast); *id.* at § 6.1.2 (authorizing sale of incidentally-caught sharks to "[m]inimize discards … while increasing fishing income by allowing retention and sale of limited amounts of HMS [including sharks]").

Based on this Court's recent holding in *Sharkey*, it is an abuse of discretion to deny leave to amend — and especially so based on the purported "futility" of amendment — where the only basis for such a conclusion is a purported concession by trial counsel that is nowhere to be found in the record and that was, in fact, never made. "Thus, where the record does not clearly dictate the district court's denial, we have been unwilling to affirm absent written findings, and have reversed findings that were merely conclusory." *Klamath-Lake Pharm. Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Circ. 1983).

## CONCLUSION

For the foregoing reasons, this Court should grant rehearing or, in the alternative, and as Judge Reinhardt urged, issue an amended opinion that remands this case to the district court with directions allowing Chinatown to file an amended complaint.

August 10, 2015          Respectfully submitted,

s/ Michael Tenenbaum
_____

MICHAEL TENENBAUM, ESQ.

*Counsel for Plaintiffs—Appellants*
**CHINATOWN NEIGHBORHOOD ASSOCIATION AND ASIAN AMERICANS FOR POLITICAL ADVANCEMENT**

## CERTIFICATION OF COMPLIANCE

Pursuant to Circuit Rule 40-1(a), I certify that Plaintiffs-Appellants' Petition for Panel Rehearing is proportionately spaced, has a typeface (Century Schoolbook) of 14 points or more, and contains 2,292 words as determined by my word processing program (Microsoft Word).

August 10, 2015     Respectfully submitted,

s/ Michael Tenenbaum
_____
MICHAEL TENENBAUM, ESQ.

*Counsel for Plaintiffs—Appellants*
**CHINATOWN NEIGHBORHOOD ASSOCIATION AND ASIAN AMERICANS FOR POLITICAL ADVANCEMENT**

9th Circuit Case Number(s) | 14-15781

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Aug 10, 2015 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Michael Tenenbaum

*********************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____ .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)